**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JULIAN J. PARDINI, SB# 133878
  Email: Julian.Pardini@lewisbrisbois.com
STEPHEN J. LIBERATORE, SB# 129772
  Email: Stephen.Liberatore@lewisbrisbois.com
333 Bush Street, Suite 1100
San Francisco, California 94104-2872
Telephone: 415.362.2580
Facsimile:  415.434.0882

Attorneys for Defendant ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| LANCE ANDERSON as *Guardian Ad Litem* For MAURINE ANDERSON,<br><br>Plaintiff,<br><br>v.<br><br>ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA and DOES 1 to 50, Inclusive,<br><br>Defendant. | Case No.<br><br>**DEFENDANT ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332(a) AND 1441(b); CERTIFICATE OF INTERESTED PARTIES**<br><br>**[DIVERSITY]** |

**TO THE HONORABLE COURT, PLAINTIFF HEREIN, AND HIS RESPECTIVE ATTORNEYS OF RECORD**

**PLEASE TAKE NOTICE** that on February 8, 2022, Defendant ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA ("Allianz"), by and through its counsel, filed the attached Notice pursuant to 28 U.S.C. §§ 1332(a), 1441(b) (diversity of state citizenship), 28 U.S.C. §§ 1441(c) and 1446(b)(3), and Fed. R. Civ. P. 81(c) with the Clerk of the Court for the United States District Court, Eastern District, and the supporting pleadings to accomplish the removal of this action pending in the Superior Court of the State of California in and for the County of Fresno, entitled *Lance Anderson as Guardian Ad Litem for Maurine Anderson v. Allianz Life Insurance Company of North America* and Does 1 to 50, Inclusive, Fresno County Superior Court

Case No. 22CECG00162, commenced on January 21, 2022, on the basis of diversity of citizenship, pursuant to 28 U.S.C. §§ 1332(a) and 1441(b) as follows:

**I.     JURISDICTION AND VENUE**

1. The Court has jurisdiction of this civil action based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a) and Defendant ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA may remove this action to this Court in accordance with 28 U.S.C. § 1441(a), because this is an action between citizens of different states, and (b) the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below. (28 U.S.C. §§ 1332, 1441(a), and 1446(b)).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c)(1), 1391, and 1446.

**II.    STATUS OF THE PLEADINGS**

3. On January 21, 2022, Plaintiff LANCE ANDERSON as *Guardian Ad Litem* For MAURINE ANDERSON ("Plaintiff"), by and through his attorneys of records, filed a civil action in the Superior Court of California for the County of Fresno, entitled *Lance Anderson as Guardian Ad Litem for Maurine Anderson v. Allianz Life Insurance Company of North America* and Does 1 to 50, Inclusive, Fresno County Superior Court Case No. 22CECG00162.

4. On January 24, 2022, Plaintiff served copies of his Amended Complaint and Summons. True and correct copies are attached as **Exhibit A**.

5. This Notice of Removal is filed within the thirty (30) day time limit for removal set forth in 28 U.S.C. § 1446(a).

6. On February 4, 2022, Allianz filed its Answer to Plaintiff's Amended Complaint; a true and correct copy of the Answer is attached as **Exhibit B.**

7. Plaintiff's Amended Complaint arises out of events related to Plaintiff's Long Term Health Care policy from Allianz.

8. Plaintiff, who on information and belief, is a resident and citizen of the State of California, asserts the following claims for relief: 1) Breach of Contract; and 2) Breach of Implied Covenant of Good Faith and Fair Dealing (*See* Exhibit A.)



4866-6094-9004.1

2

DEFENDANT ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA'S NOTICE OF REMOVAL

### III. REMOVAL IS PROPER BASED UPON DIVERSITY OF CITIZENSHIP

9. This action may be removed to this Court by Allianz pursuant to the provisions of 28 U.S.C. §§ 1332(a) and 1441(b), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

#### A. Plaintiff and Defendant Are Not Citizens of the Same State, the First Basis for Diversity Jurisdiction

10. Plaintiff LANCE ANDERSON as *Guardian Ad* Litem For MAURINE ANDERSON was at all times, a competent adult and a resident of the State of California, and a citizen of the State of California.

11. Defendant ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA has been at all times relevant to this case, a company incorporated in the State of Minnesota.

12. Allianz corporate headquarters and principal place of business is located at 5701 Golden Hills Drive, Minneapolis, Minnesota, 55416.

13. From its Minneapolis, Minnesota, headquarters, Allianz, directs, controls, and coordinates activities which include, but are not limited to, the following: (1) matters relating to the financing of Allianz's operations; (2) matters relating to Human Resources of Allianz; (3) matters relating to legal, regulatory, and trade compliance of Allianz; (4) matters relating to the information technology of Allianz; and (5) matters relating to the tax obligations of Allianz.

14. For purposes of determining diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State...by which it has been incorporated and of the State...where it has its principal place of business." 28 U.S.C. § 1332(c)(1). While a corporation's state of incorporation can be determined with ease, its principal place of business often proves elusive. To simplify the jurisdictional inquiry, the Supreme Court has defined "principal place of business" to mean "the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80, (2010). This "nerve center" is "typically...found at a corporation's headquarters." *Id.* at 81. *3123 SMB, LLC v. Horn*, 880 F.3d 461, 465 (9th Cir. 2018)

15. Being that Allianz's "nerve center," so to speak, is in Minneapolis, Minnesota, Allianz is a citizen of Minnesota. Therefore, Plaintiff and Defendant Allianz are not citizens of the same state and removal based on diversity of citizenship/residency is proper.

**B. The Amount in Controversy Exceeds $75,000, the Second Basis for Diversity Jurisdiction**

16. Allianz disputes that it is liable for any damages whatsoever to Plaintiffs. Nevertheless, Allianz can demonstrate that the amount in controversy exceeds $75,000 under the "preponderance of the evidence" standard. See *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). The standard requires only that the removing party present evidence that "it is more likely than not" that the amount in controversy is satisfied. *Id*.

17. In his Complaint, Plaintiff alleges, Breach of Contract; and Breach of Implied Covenant of Good Faith and Fair Dealing.

Plaintiff seeks damages specifically for:

1. For general, special, economic and consequential damages according to proof;
2. For punitive damages;
3. For attorneys' fees and costs;
4. For pre-judgment interest;
5. For costs of suit incurred; and
6. For such other and further relief as this Court may deem just and proper.

(*See* Exhibit A, Complaint, Prayer, pg. 10.)

Pursuant to the provisions of 28 U.S.C. §§ 1441(b) and 1332, this case meets the elements of diversity jurisdiction if it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. Where it is unclear from the face of the complaint whether the amount in controversy exceeds $75,000, "the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1121–22 (9th Cir. 2013) (quotation marks and citations omitted).

Directly in line with this reasoning is *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644 (9th Cir. 2016), a factually similar case in which the plaintiff sued a used car dealer for violation of the Song-Beverly Act and other state law claims. Defendant removed based on diversity, and the plaintiff challenged the removal, arguing that the amount-in-controversy requirement was not satisfied. The Ninth Circuit disagreed and held the following:

> To establish original jurisdiction based on diversity of parties, the amount in controversy must "exceed[] the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). We have defined the amount in controversy as the "amount at stake in the underlying litigation," [citation]; this includes any result of the litigation, excluding interests and costs, that "entail[s] a payment" by the defendant. [Citation]. **This amount includes, *inter alia*, damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes.**[Citation].
>
> In this case, when the potential cost of complying with injunctive relief is considered along with Gonzales's claims for compensatory damages and punitive damages, the district court did not err in finding that the jurisdictional amount-in-controversy requirement was satisfied.

*Gonzales*, *supra*, at 648-649, emphasis added.

The reasoning of *Gonzales* applies directly here, as the *Gonzalez* court indicated, attorneys' fees awarded under fee-shifting statutes are to be considered in assessing the jurisdictional threshold. In this case, Plaintiff seeks such an award. How are these fees to be computed? At the time of *Gonzalez*, it was "an open question whether attorneys' fees that are anticipated but unaccrued at the time of removal or filing in federal court… may be included in the amount-in-controversy." (*Gonzalez,* at fn. 2). That open question was resolved four years ago in *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413 (9th Cir. 2018), an analogous diversity case. In *Chavez*, the Ninth Circuit held that "the amount in controversy is determined by the complaint operative at the time of removal and ***encompasses all relief a court may grant on that complaint if the plaintiff is victorious***." (*Id*.) Under that standard, this Court should consider the range of fee awards that Plaintiff would receive if he were to be victorious at trial. As such, in this particular case, Allianz *can* include the cost of attorneys' fees, however, the Court should note that the addition or consideration of attorneys' fees also allows Allianz to meet the amount in controversy requirement. It requires no great familiarity

with the cost of litigation to conclude that Plaintiff will likely incur further expenses in taking this case through discovery, depositions, motions, experts, and trial. Thus, when either the exposure to civil penalties and/or the exposure to attorneys' fees are properly considered, there is simply no question that the Court has diversity jurisdiction. Although Plaintiff's damages are not alleged in his Amended Complaint, they clearly meet the burden of proof of an amount in controversy, exceeding $75,000.

18. This removal notice is filed in the United States District Court for the Eastern District of California because the *Anderson* action is pending in state court in the County of Fresno, within this Court's jurisdiction.

19. Allianz has sought no similar relief with respect to this matter.

20. This removal notice is filed in the United States District Court for the Eastern District of California because the *Anderson* action is pending in state court in the County of Fresno, within this Court's jurisdiction.

**WHEREFORE**, Defendant Allianz respectfully prays that this Notice of Removal be deemed good and sufficient, and that Case No. 22CECG00162 be removed from the Superior Court of California, County of Fresno, to the docket of this honorable Court, the District Court of the United States, for the Eastern District of California. Allianz has filed the Notice of Removal of this action from the Fresno County Superior Court, in which it is now pending; a copy of this Notice has been served upon Plaintiff.

DATED: February 8, 2022

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Julain J. Pardini*
Julian J. Pardini
Stephen J. Liberatore
Attorneys for Defendant
ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA

# CERTIFICATE OF SERVICE
*Anderson, et al. v. Allianz Life Insurance Company of North America, et al.*
USDC-ED, Fresno Division, Case No.

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

At the time of service, I was over 18 years of age and not a party to the action. My business address is 333 Bush Street, Suite 1100, San Francisco, CA 94104. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On February 8, 2022, I served the following document:

**DEFENDANT ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332(a) AND 1441(b); CERTIFICATE OF INTERESTED PARTIES**

I served the document on the following persons at the following address (including a fax number and email addresses, if applicable):

| | |
|---|---|
| James H. Wilkins, Esq.<br>WILKINS, DROLSHAGEN & CZESHINSKI LLP<br>6785 N. Willow Avenue<br>Fresno, CA 93710<br>*Attorneys for Plaintiff Lance Anderson as Guardian Ad Litem for Maurine Anderson* | Tel: 559.438.2390<br>Fax: 559.438.2393<br>Email: jhw@wdcllp.com |

The document was served by the following means:

☒ **(BY COURT'S CM/ECF SYSTEM)** The document was served by CM/ECF (excluding those not registered for CM/ECF who were served by mail or email, if applicable).

☒ **(BY ELECTRONIC TRANSMISSION ONLY)** Only by emailing the document to the person at the email address listed above based on notice provided on March 16, 2020, that during the Coronavirus (COVID-19) pandemic, this office will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mail. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Dated: February 8, 2022          */s/ Maureen Liu*
                                 Maureen Liu

4866-6094-9004.1

CERTIFICATE OF SERVICE