UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURINE ANDERSON,<br><br>           Plaintiff,<br>   v.<br><br>ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA,<br><br>           Defendant. | Case No. 1:22-cv-00165-DAD-EPG<br><br>ORDER DENYING PROPOSED STIPULATION FOR PROTECTIVE ORDER, WITHOUT PREJUDICE<br><br>(ECF No. 7) |

On February 8, 2022, Defendant Allianz Life Insurance Company of North America removed this action from the Fresno County Superior Court. (ECF No. 2). Plaintiff Maurine Anderson's operative complaint alleges breach of contract and breach of the implied covenant of good faith and fair dealing based on Defendant's alleged failure to provide long term health care benefits under the terms of the parties' agreement. (ECF No. 2-2).

On March 23, 2022, the parties filed a proposed stipulation for a protective order. (ECF No. 7). The stipulation will be denied, without prejudice, because it does not comply with Local Rule 141.1 and the Court's established procedures.

Local Rule 141.1(c), requires that every proposed protective order contain the following provisions:

> (1) A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the

1

information (e.g., customer list, formula for soda, diary of a troubled child);

(2) A showing of particularized need for protection as to each category of information proposed to be covered by the order; and

(3) A showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.

E.D. Cal. L.R. 141.1(c).

Regarding Local Rule 141.1(c)(1)-(2), the parties have failed to provide an adequate description of the types of information eligible for protection and a particularized showing of need for protection as to each category of information covered by their proposed order. The parties' stipulation defines "confidential information" to mean information qualifying "for protection under Federal Rule of Civil Procedure 26(c)" or information specified in the "good cause statement" of their stipulation, which provides as follows:[1]

> This action is likely to involve trade secrets, development, commercial, financial, personal, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

(ECF No. 7, pp. 2-3).

Here, the parties have included a catchall description of confidential information to include information that is confidential under the law with examples of this including "confidential business or financial information," "information regarding confidential business practices," and "confidential research." However, such descriptions of information as being "confidential" is not sufficient "in general terms [] to reveal the nature of the information" under LR 141.1(c)(1). For example, the parties do not generally identify "confidential business" information to include, *e.g.*, a customer list

---

[1] In this order, the Court has omitted capitalization used by the parties' proposed stipulation for a protective order.

or some other descriptor to reveal the general type of information deemed confidential. Moreover, the parties fail to make "[a] showing of particularized need for protection as to each category of information proposed to be covered by the order." LR 141(c)(2).

Accordingly, IT IS ORDERED that the parties' proposed stipulation for a protective order (ECF No. 7) is DENIED without prejudice.

IT IS SO ORDERED.

Dated: __March 24, 2022__        /s/ Erica P. Grosjean
                                 UNITED STATES MAGISTRATE JUDGE