UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURINE ANDERSON,<br><br>          Plaintiff,<br><br>     v.<br><br>ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA,<br><br>          Defendant. | Case No. 1:22-cv-00165-KES-EPG<br><br>ORDER REGARDING STIPULATION OF DISMISSAL; REQUIRING SUPPLEMENT<br><br>(ECF No. 38) |

### I.     BACKGROUND

On February 8, 2022, Defendant Allianz Life Insurance Company of North America removed this action from the Fresno County Superior Court. (ECF No. 2). The complaint alleges breach of contract and breach of the implied covenant of good faith and fair dealing in connection with the denial of benefits under a long-term health care insurance policy. Included with the notice of removal is an order from the Fresno County Superior Court appointing Lance Anderson as the guardian ad litem for Plaintiff Maurine Anderson, who was stated to be "over 80 years of age . . . suffering from progressive dementia since 2018 and . . . not legally competent." (ECF No. 2-2, p. 14).

Recently, the parties informed the Court that they settled the case, and they also filed a stipulation of dismissal. (ECF Nos. 37, 38). However, because it appears that the state court must first approve the parties' settlement before this Court may dismiss the case, the Court will order Plaintiff to file a supplement addressing this issue.

1

**II.     LOCAL RULE 202**

Under Local Rule 202(a), there must be (1) evidence presented regarding the appointment of a representative for an incompetent person under state law, (2) a motion to appoint a guardian ad litem, or (3) a showing that no such appointment is needed to ensure adequate representation for the incompetent person. The Court concludes that this requirement has been satisfied by a copy of the order being filed with the notice of removal showing that Lance Anderson was appointed as the guardian ad litem for Plaintiff by the Fresno Superior Court. (ECF No. 2-2, pp. 14-15).

Under Local Rule 202(b), no incompetent person's claim may be settled absent a court order approving the settlement. There are two methods to obtain court approval.

The first applies in cases where the incompetent person "is represented by an appointed representative pursuant to appropriate state law, excepting only those actions in which the United States courts have exclusive jurisdiction." Local Rule 202(b)(1). In such cases, "the settlement or compromise shall first be approved by the state court having jurisdiction over the personal representative," and following such approval, "a copy of the order and all supporting and opposing documents . . . shall be filed in the District Court with a copy to all parties and to the Judge or Magistrate Judge who may either approve the settlement or compromise without hearing or calendar the matter for hearing." *Id.*

The second method applies in all other cases and requires a party to file a motion for approval of the incompetent person's settlement. Local Rule 202(b)(2). The following information must be disclosed:

> the age and sex of the minor or incompetent, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise, and, if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent.

*Id.*

Additionally, the Court notes the following requirements of Local Rule 202(c):

> When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of

2

action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

Local Rule 202(c).

Because Lance Anderson has been appointed as a guardian under California law, and this is not an action over which the Court has exclusive jurisdiction, *see, e.g.*, 28 U.S.C. § 1333, it appears that Plaintiff must obtain state court approval of the parties' settlement under Local Rule 202(b)(1). However, Plaintiff has not submitted any state court order for the Court's review.

Given these circumstances, the Court will order Plaintiff to provide proof of the state court's approval of the parties' settlement or an explanation why such approval is not necessary. *See Duwayne C. v. Merced City Sch. Dist.*, No. 1:19-CV-01188-BAM, 2021 WL 411110, at *2 (E.D. Cal. Feb. 5, 2021) (requiring Plaintiff to address whether state court had approved a minor's settlement under Local Rule 202(b)(1) or explain why such approval was not required).

### III.   ORDER

For the reasons given, IT IS ORDERED as follows:

1. By no later than August 22, 2024, Plaintiff, shall file a supplement addressing the following:
    a. In compliance with Local Rule 202(b), Plaintiff shall provide proof of the state court's approval of the parties' settlement or explain why such approval is not needed. And if Plaintiff intends to pursue state court approval in the future, Plaintiff shall provide an estimated date for when Plaintiff will file a copy of the state court order for this Court's review under Local Rule 202(b)(1).
    b. In compliance with Local Rule 202(c), Plaintiff shall address all the requirements regarding the attorney's interests.

\\\
\\\
\\\
\\\
\\\
\\\

3

2. Until the requirements of Local Rule 202 are addressed, this Court will take no action regarding the parties' stipulation of dismissal.

IT IS SO ORDERED.

Dated:  **July 8, 2024**                              /s/ Erica P. Grosjean
                                                                         UNITED STATES MAGISTRATE JUDGE